# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-07-00707-CV
---

**Pete Kent, Appellant**

**v.**

**Scripps Texas Newspapers, L.P. d/b/a San Angelo Standard-Times, Appellee**

---
### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-05-1527-C, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment granted in favor of appellee Scripps Texas Newspapers, L.P., d/b/a San Angelo Standard-Times ("Scripps") on appellant Pete Kent's claims for injuries suffered when he slipped on the bumper of his delivery truck at Scripps's distribution center in San Angelo. Scripps moved for traditional and no-evidence summary judgment on the basis that it owed no duty to Kent, who was an independent contractor at the time of the accident, and that it had no right to control Kent in performing the duties of his employment. In its motion, Scripps also argued that there was no evidence of thirteen separate elements of Kent's causes of action. The trial court specifically granted summary judgment on the basis that Scripps owed no legal duty to Kent. We will affirm the summary judgment.

**BACKGROUND**

Kent suffered injuries when, on a misty morning, his foot slipped on the bumper of his delivery truck as he was climbing down from the trailer. The accident occurred after Kent delivered a pallet of newspaper inserts to the Scripps facility. It is undisputed that when Kent arrived, Scripps employees directed him to park his truck in an alley behind the facility and gave him a hand-jack to move the pallet to the rear of the truck, where the pallet was then removed by a Scripps forklift operator. After the actual delivery of the inserts was complete and the Scripps employees were leaving the alley, but before Kent received a bill of lading, Kent slipped and fell while exiting the back of his vehicle.

In his original petition, Kent asserted that he suffered serious injuries "as a result of a dangerous condition and/or activity" of which Scripps knew or should have known. He further alleged that Scripps's agents, servants, and employees negligently failed to provide the means for Kent to descend his trailer, negligently or willfully allowed a dangerous condition or activity to continue, and negligently or willfully failed to warn Kent of the dangerous condition or activity. Although he does not identify precisely what dangerous condition or activity was the proximate cause of his injuries, he presumably is referring to the wet bumper of his truck.

According to his pleadings, Kent was "owed certain duties" when he entered the premises for the purpose of delivering the pallet of inserts at Scripps's invitation and for Scripps's benefit. He alleged that Scripps employees, acting within the scope of their employment, were negligent in:

2

Failing to properly inspect and maintain the area in question to discover the dangerous condition and/or activity;

Failing to maintain the area in a reasonably safe condition;

Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition and/or activity of the area;

Failing to give warnings to Plaintiff of the unsafe condition and/or activity;

Failing to provide the necessary equipment and materials;

Failing to allow Plaintiff an area to unload his trailer; and

Requiring Plaintiff to unload his trailer in an area not intended for trailers to be unloaded without providing the proper equipment, materials and warnings.

Kent, in his response to Scripps's motion for summary judgment, pointed to evidence that Scripps and its employees directed him where to park his truck, told him to enter the trailer, provided him with equipment to move the pallet to the back of the trailer, and generally "told him what to do." Kent urges that Scripps "simply had to provide [him] a ladder which was readily available to climb down the ladder while it was raining," but instead "put [him] in to a dangerous situation and abandoned him."

The trial court granted Scripps's motion for summary judgment on the basis that Scripps owed Kent no legal duty. This appeal followed.

**STANDARD OF REVIEW**

We review a summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*,

3

118 S.W.3d 742, 751 (Tex. 2003). We indulge all reasonable inferences and resolve any doubt in the nonmovant's favor. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

## ANALYSIS

Kent contends on appeal that the trial court erred in granting Scripps's motion for summary judgment because there were issues of material fact regarding Scripps's control over Kent and, thus, evidence that Scripps owed and breached a legal duty to Kent.

"Generally, an owner or occupier does not owe a duty to ensure that independent contractors perform their work in a safe manner." *General Elec. Co. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008). "But one who retains a right to control the contractor's work may be held liable for negligence in exercising that right." *Id.* The right to control may be expressed by contract or implied by conduct. *Id.*

While the summary-judgment record contains no evidence that Kent's duties were governed by a contract, there was some evidence that Scripps controlled where Kent could park and unload his truck and that it directed him to use a hand-jack to bring the pallet to the rear of his trailer. Citing *Lee Lewis Construction, Inc. v. Harrison*, 70 S.W.3d 778 (Tex. 2001), Kent asserts that when the evidence shows that a defendant retains "some control" over the manner in which the independent contractor performs his work, this will give rise to a duty for the defendant to ensure that the independent contractor performs in a safe manner.

As the supreme court subsequently explained in *Moritz*, however,

> What we actually said in *Lee Lewis* (citing the Restatement of Torts and numerous opinions) was that a defendant's duty "*is commensurate with the control it retains* over the independent contractor's work." Thus, it is not enough to show that the

4

defendant controlled one aspect of [the independent contractor's] activities if his injury arose from another.

257 S.W.3d at 214 (emphasis in original).

As in *Moritz*, the evidence in this case conclusively shows that the injury arose from an activity over which the defendant exercised no control. Evidence that Scripps told Kent where to unload his truck and how to position the pallet so that it could be unloaded does not relate to whether Scripps also dictated how and when Kent should exit his trailer—the activity that Kent was actually engaged in when he was injured. As an independent contractor, Kent was free to choose how he would exit his own vehicle and the degree of caution to exercise when stepping down on a bumper in wet conditions.

The record contains no evidence that Scripps exercised control over Kent's method of exiting his vehicle, or that Scripps directed Kent to step down onto the wet bumper of his trailer, rather than to remain inside until it stopped raining or to use some other means to climb down from the trailer more carefully. Therefore, Scripps owed Kent no legal duty as a matter of law. We overrule Kent's issues.

## CONCLUSION

Because the trial court correctly determined that Scripps owed no legal duty to Kent as an independent contractor, we affirm the summary judgment.

_____

J. Woodfin Jones, Chief Justice

5

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   March 19, 2009